# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-30827
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 29, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CHARLES LEE WHITE,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:17-CR-106-1

Before BARKSDALE, ELROD, and HO, Circuit Judges.

PER CURIAM:*

Charles Lee White challenges his jury-trial convictions for attempted second-degree murder of a federal employee, in violation of 18 U.S.C. § 1114, claiming the evidence was insufficient to show he had a specific intent to kill. White's preserved sufficiency challenge is subject to *de novo* review. *E.g.*, *United States v. Frye*, 489 F.3d 201, 207 (5th Cir. 2007).

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 18-30827

Second-degree murder under 18 U.S.C. § 1111 is the "unlawful killing of a human being with malice aforethought". When, as in this instance, the crime is attempted second-degree murder, the Government must prove defendant had the specific intent to kill. *Braxton v. United States*, 500 U.S. 344, 351 n.* (1991). "Intent may, and generally must, be proven circumstantially." *United States v. Stoker*, 706 F.3d 643, 646 (5th Cir. 2013) (internal citation and quotation marks omitted).

For obvious reasons, the jury "retains the sole authority to weigh any conflicting evidence and to evaluate the credibility of the witnesses". *United States v. Loe*, 262 F.3d 427, 432 (5th Cir. 2001) (citation omitted). Similarly, the "jury is free to choose among reasonable constructions of the evidence". *United States v. Alaniz*, 726 F.3d 586, 601 (5th Cir. 2013) (citation omitted). "It is not necessary that the evidence exclude every rational hypothesis of innocence or be wholly inconsistent with every conclusion except guilt, provided a reasonable trier of fact could find the evidence establishes guilt beyond a reasonable doubt." *Id.* (citation omitted). Our review is "highly deferential to the verdict". *United States v. Harris*, 293 F.3d 863, 869 (5th Cir. 2002).

The evidence showed that White, as a federal inmate, injected himself into a prison disciplinary matter that did not involve him by blindsiding a prison counselor from behind with such force that the counselor fell to the ground. White used a knife to repeatedly stab the counselor and a correctional officer. The counselor was stabbed in the head; the correctional officer, in the back. And, White twice told the counselor he was going to kill him.

White, the counselor, and correction officer were among those who testified. "[C]onsidering the evidence and all reasonable inferences in the light most favorable to the prosecution", a reasonable juror could have found, beyond

2

No. 18-30827

a reasonable doubt, that White had the specific intent to kill. *See United States v. Vargas-Ocampo*, 747 F.3d 299, 303 (5th Cir. 2014) (en banc) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). As discussed, the jury adjudges the credibility of the witnesses and was free to reject White's construction of the evidence.

AFFIRMED.